**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IRMA TORRES GARCIA** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No.  3:26-CV-00257-O** |
| | § | |
| **KRISTI NOEM, ET AL,** | § | |
| | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

Before the Court are Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1); Petitioner's Motion for Temporary Restraining Order (ECF No. 2); and the Government's Response and Appendix in Support (ECF Nos. 14, 15). Having considered the briefing and the applicable law, the Court finds that Petitioner's Petition and Motion both should be, and hereby are, **DENIED**.

## I.      BACKGROUND

Petitioner is a Mexican national who last entered the United States from Mexico illegally by crossing the international border near Laredo, Texas, at a place not designated as an official port of entry.[1] It is undisputed that Petitioner is charged with removal from the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

## II.      LAW AND ANALYSIS

---

[1] Respondent's App. Supp. Resp. (Ex. 1) App. 2, ECF No. 15.

1

Petitioner presents two alternative grounds for relief: one statutory and one constitutional. First, Petitioner's statutory argument is clearly foreclosed by the Fifth Circuit's decisions in *Buenrostro-Mendez v. Bondi*, 166 F. 4th 494 (5th Cir. 2026). In a provision entitled "Aliens Treated As Applicants For Admission[,]" § 1225 dictates who "shall be deemed for purposes of this chapter an applicant for admission," defining that term to encompass both an alien "present in the United States who has not been admitted or [one] who arrives in the United States . . . ." 8 U.S.C. § 1225(a)(1). Aliens who enter the country and are not lawfully admitted are deemed "applicant[s] for admission" by the statute and are therefore subject to mandatory detention and are not entitled to a bond hearing. *See Buenrostro-Mendez*, 166 F. 4th at 502–03. Because Petitioner is by definition an applicant for admission, Petitioner is properly subject to mandatory detention under § 1225(b)(2)(A). *See Buenrostro-Mendez*, 166 F. 4th at 507–08.

Second, Petitioner's constitutional argument similarly fails. "[T]he Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings." *Zuniga v. Lyons*, ___ F. Supp. 3d ___, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025) (discussing *Demore v. Kim*, 538 U.S. 510 (2002)). Accordingly, substantive due process is not offended by an alien's detention pending removal proceedings. *Id.* at *8. The "procedural due process claim fares no better," because "[a]s an 'applicant for admission,' [an alien] has 'only those rights regarding admission that Congress has provided by statute.'" *Id.* (quoting *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020)). An alien in Petitioner's shoes is therefore "not entitled to a bond hearing as a matter of procedural due process." *Id.* Accordingly, Petitioner's Petitioner must be **DENIED**.

Because the Petition fails, Petitioner's Motion for Temporary Restraining Order also fails. For Petitioner to obtain injunctive relief she must show a substantial likelihood of success on

2

the

merits of her habeas claims. *See Daniels Health Servs., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). Because Petitioner has not demonstrated a substantial likelihood of success on the merits of those claims, the Court **DENIES** Petitioner's Motion for Temporary Restraining Order.

## III.    CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED** and Petitioner's Motion for Temporary Restraining Order (ECF No. 2) are **DENIED**.

**SO ORDERED** on this **6th day** of **April, 2026**.


_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**